IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLANDO REINER DENEKE,

    Plaintiff,                  No. CIV S-11-2368 GGH P

  vs.

MATTHEW CATE, et al.,

    Defendants.              <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. This case was removed from state court by defendants who have requested that the court screen the complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that he was injured after being placed in a visiting room with full restraints. Plaintiff was placed in an attorney visit cell that is approximately three feet by five feet with a stool. Plaintiff was placed on the stool with hand cuffs which were attached to waist chains, and his ankles were shackled with leg irons. After speaking with his attorney plaintiff rose off the stool, but his leg irons caught on the post of the stool and plaintiff fell backwards

onto the floor. While plaintiff was on the floor a guard was just outside the door, but could not assist as the guard did not have a key. Plaintiff states that it took 5-10 minutes for another guard to return and open the door.[1] Apparently one of the guards remarked that he knew what must have happened signifying that other inmates have also fallen when their leg irons became caught on the stool. Plaintiff injured himself from the fall and he now walks with a cane and remains under chronic medical care.

Plaintiff's claims fail to rise to an Eighth Amendment violation as he has failed to demonstrate that any of the defendants acted with deliberate indifference. While this incident may demonstrate negligence it fails to state a cognizable claim even at this early stage. Plaintiff's complaint is dismissed but plaintiff will be allowed to file an amended complaint within 28 days of service of this order.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731.

The Ninth Circuit, in concluding that safety hazards, exacerbated by poor or inadequate lighting, pervaded a Washington penitentiary's occupational areas, "seriously threaten[ing] the safety and security of inmates and creat[ing] an unconstitutional infliction of pain," has stated:

> Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement. See Youngberg v. Romeo, 1982, 457 U.S. 307, 315-16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28; Santana v. Collazo, 1 Cir., 1983, 714 F.2d 1172, 1183 [1983]. Not every deviation from ideally safe conditions amounts to a

---

[1] It appears that the guard outside the door was a CDCR officer, but this occurred at a county jail and a county officer had to return with the key.

3

> constitutional violation, see, e.g., Santana at 1183. However, the Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety. This is required because inmates, by reason of their confinement, cannot provide for their own safety. Santana, supra, 714 F.2d at 1183. See also Estelle v. Gamble, 1976, 429 U.S. 97, at 103-04, 97 S.Ct. 285, 290-91, 50 L.Ed.2d 251.

Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); see also, Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).

Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. at 833. "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834. The prisoner must also demonstrate that the defendant had a "sufficiently culpable state of mind." Id. This standard requires that the official be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so. Id. at 838. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not...." does not rise to the level of constitutionally deficient conduct. Id. at 838, 114 S. Ct. at 1979. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

"[D]eliberate indifference entails something more than mere negligence...[but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), quoting Farmer, supra, 511 U.S. at 835, 114 S. Ct. 1970. Prison officials display a deliberate

4

1  indifference to an inmate's well-being when they consciously disregard an excessive risk of harm
2  to that inmate's health or safety. <u>Farmer</u>, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.  However,
3  not every foreseeable accident constitutes deliberate indifference.
4        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
5  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>
6  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
7  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
8  there is some affirmative link or connection between a defendant's actions and the claimed
9  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d
10  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
11  vague and conclusory allegations of official participation in civil rights violations are not
12  sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).
13        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
14  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
15  amended complaint be complete in itself without reference to any prior pleading.  This is
16  because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v.</u>
17  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
18  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
19  original complaint, each claim and the involvement of each defendant must be sufficiently
20  alleged.
21  ////
22  ////
23  ////
24  ////
25  ////
26  ////

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's complaint is dismissed but plaintiff may file an amended complaint within 28 days of service of this order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: September 29, 2011

        /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: ab
dene2368.b